Minute Order Form (06/97)

55-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 456 | **DATE** | 4/16/2001 |
| **CASE TITLE** | Mielke vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth in the attached order, the Court grants defendant's motion for summary judgment (8-1). Defendant's motion to set briefing schedule (10-1) is denied as moot. Judgment is entered in favor of defendant and against plaintiff.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | APR 18 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 16 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | OR   courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DELORES MIELKE and<br>HAROLD MIELKE, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. 00 C 456 |
| UNITED STATES OF AMERICA, | )<br>)<br>) | |
| Defendant. | ) | |

DOCKETED
APR 1 8 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Delores and Harold Mielke brought this suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§2671-80, for injuries suffered after Delores Mielke allegedly tripped over a crumpled floor mat in the customer service area of the United States Post Office in Arlington Heights, Illinois. The government has moved for summary judgment. For the reasons stated below, the Court grants the motion.

### Facts

On December 31, 1998, Delores Mielke entered the Arlington Heights Post Office to mail a package. While switching lines, she fell and suffered a compression fracture in the lower part of her spine. Mielke claims that she fell over a rolled up corner of a floor mat; no one else saw her fall. Plaintiffs are suing the government for failing to keep the post office in a reasonably safe condition, failing to warn Delores of a dangerous condition, and failing to maintain an inspection system to ensure the safety of the floor area.

The Post Office rented the floor mats from a private contractor which was responsible for

cleaning and replacing the mats weekly. Raymond Oakley, the maintenance manager at the Post Office, testified that there was no system for inspecting the mats regularly, but when the weather was bad, Post Office personnel would move the mats around to make sure that patrons were walking on dry mats. Oakley testified that no complaints had ever been made about the floor mats and that he had never observed a curled-up mat prior to Mielke's fall. Mark Stephan, the Arlington Heights Postmaster, likewise testified that he had never noticed any crumpled floor mats; he stated that he had received only compliments and no complaints about the mats.

The only witness who said she had seen curled-up floor mats is Mary Ebrahim, a clerk at the Post Office. Ebrahim stated that when she saw a floor mat in this condition, she would smooth it out. She stated, however, that this had occurred only once or twice in her memory.

The only previous fall at the Arlington Heights Post Office reflected in the record took place on December 19, 1998, twelve days prior to and thirty feet away from the spot of Delores Mielke's fall. In that incident, a patron named Sophie Topp suffered an injured wrist. Though no one saw her fall, Ebrahim heard the fall when it happened. She stated that when she came to Topp's aid, part of a mat was over the end of Topp's shoe. According to James Wizniak, the Post Office's customer service manager, Topp thought she had tripped over the rug, but it was unclear whether it was the run or the threshold of a metal door that actually caused her fall.

The government has moved for summary judgment, arguing that plaintiffs cannot succeed on their claims because they cannot show that the Post Office had actual or constructive knowledge of the allegedly unsafe condition of the floor mat that is claimed to have caused Delores Mielke's fall.

**Discussion**

Summary judgment is proper when "the pleadings, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, the Court construes the evidence in the light most favorable to the nonmoving party, and all "reasonable and justifiable inferences [are drawn] in that party's favor." *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999).

Under the FTCA, the government's liability is determined in accordance with the substantive law of the state in which the injury occurred. 28 U.S.C. §§1346(b) & 2674; *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). In this case, the United States is liable to the extent that a municipality would be liable under the Illinois Local Government Tort Immunity Act, 745 ILCS 10/3-102(a). Under that statute, Mielke must prove that "she was owed a duty of care by the United States, that a breach of this duty proximately caused her injuries, and that the United States had actual or constructive notice of the allegedly unsafe condition in time to correct it." *Stewart v. United States*, 918 F. Supp. 224, 225 (N.D. Ill. 1996). In its motion for summary judgment, the government argues that it lacked notice of the allegedly unsafe condition claimed to have caused Delores Mielke's fall.

Plaintiffs concede that defendant did not have actual notice of the allegedly unsafe condition. They argue, however, that there is evidence from which a fact finder could determine that the Post Office had constructive notice of a dangerous condition. With regard to the particular floor mat over which Delores Mielke allegedly tripped, there is no evidence regarding

3

the length of time it had been crumpled up prior to the fall, and thus nothing from which a reasonable fact finder could conclude that the condition had "existed for such a length of time, or was so conspicuous, that authorities exercising due diligence might have known of it." *Pinto v. DeMunnick*, 168 Ill. App. 3d 771, 774, 523 N.E.2d 47, 50 (1988).

Plaintiffs contend that the evidence of Sophie Topp's fall and Ebrahim's testimony about having seen other crumpled floor mats is sufficient to create a genuine issue of fact regarding constructive notice. The government argues that evidence about other floor mats at other times cannot give rise to constructive notice because it does not involve the particular condition that allegedly led to Delores Mielke's fall. The Court disagrees. "The regular occurrence of a problem makes it foreseeable, imposing a duty to take steps to prevent or control the problem, or at least to warn of the potentially dangerous situation." *Barchard v. City of Chicago*, No. 91 C 4801, 1993 WL 276726, at *4 (N.D. Ill. July 22, 1993). If plaintiffs could show that it was a regular occurrence for floor mats in the Arlington Heights Post Office lobby to become crumpled up, the government could not escape a finding of constructive notice simply because the particular mat that caused a particular fall could not be shown to have become crumpled up in the past.

But in this case, the evidence regarding floor mats is insufficient to create a genuine issue of fact regarding constructive notice. The only evidence of crumpled-up mats comes from Ebrahim. While it is true, as plaintiff argues, that Ebrahim's knowledge is imputed to her employer, *Carrizales v. Rheem Manufacturing Co.*, 226 Ill. App. 3d 20, 44, 589 N.E.2d 569, 586 (1991), her knowledge does not come close to putting the Post Office on notice that a dangerous condition existed: Ebrahim testified that she saw this condition only once or twice (on unknown

dates) and fixed it when she saw it.

Nor does the evidence concerning Topp's fall give rise to a genuine fact issue regarding notice, even if it is considered together with Ebrahim's testimony. Though we assume, for present purposes, that Topp tripped over a floor mat (though that is far from clear), there is no evidence at all that the mat was crumpled up or indeed that there was *any* problem with the mat that caused or contributed to her fall.

Finally, plaintiffs argue that the absence of a system for regular inspections of the floor mats is sufficient to give rise to liability under 745 ILCS 10/3-102(b). This is a misreading of the statute. Section 3-102(b) provides that a public entity does not have constructive notice of an unsafe condition if it establishes that the condition would not have been discovered by a reasonably adequate inspection system, or that it maintained and operated such an inspection system with due care and did not discover the condition. 745 ILCS 10/3-102(b)(1) & (2). By its plain language, this provision of the statute establishes an affirmative defense, not an additional basis for imposition of liability.

## Conclusion

For the reasons stated above, the Court grants defendant's motion for summary judgment [8-1]. Defendant's motion to set briefing schedule [10-1] is denied as moot. The Clerk is directed to enter judgment in favor of defendant.

MATTHEW F. KENNELLY
United States District Judge

Date: April 16, 2001

5